OVERSEERS OF THE POOR OF UPPER FREEHOLD v. OVERSEERS OF THE POOR OF HILLSBOROUGH.

A pass warrant of a justice is not conclusive, as to the place of the legal settlement of the vagrant, or to be at all binding in that respect on a township, which had not the privilege of calling a witness, nor the power to obtain it by an appeal to the sessions. It is not an order for the overseers of the township to provide for the maintenance of the vagrant. If the overseers do not admit the settlement of the vagrant to be in their township, they may have her removed in due form to the proper place.

A pass warrant, as it carries into execution a matter of public police, ought to be entitled " *The State* v. *A. H.*" The name or names of those prosecuting the certiorari ought to be endorsed upon it. In this respect the writ is amendable.

This was a certiorari directed to Andrew Howell, esq. one of one justices of the peace of the county of Somerset, to bring up a pass warrant. The facts as disclosed by the return of the justice, appear in the opinion of this court delivered by justice Ford.              19

*Wall* for the plaintiffs in certiorari contended 1. That the justice had exceeded the power delegated to him by the act of the legislature in adjudicating upon the settlement of the vagrant, and cited *Rev. Laws*, 48, *sec*. 33.

2. If the justice had a right to adjudicate upon this point, he had erred in determining, that the township of Upper Freehold was the place of her last legal settlement. It was plain, that her service with Hay did not give her a settlement in that township. If the vagrant was the slave of Mrs. F. who resided in the township of Hillsborough, Mrs. F. was bound to support her, and the justice ought to have sent her there, and cited 3 *Halst*. 64.

3. The township of Upper Freehold could only obtain relief from this adjudication of Justice Howell, by removing the proceedings into this court by certiorari. There was no appeal to the sessions.

*J. S. Green*, contra, contended, 1. That the justice did right in issuing the warrant, for the black girl was a vagrant within the meaning of the 33d section, *Rev. Laws*, 48; and that the pass warrant was according to precedent. 4 *Burn's Justice*, 515. *Griffith's Treatise*, 353.

2. The justice was right in ordering her removal to Upper Freehold, for though that township might not be her last legal settlement, yet it was her last place of residence, and if entitled to relief, she was there to seek for it. Hay was bound to receive and take care of her. The legislature intended to authorize the justice to remove the vagrant to the place where she commenced her wanderings.

3. He insisted, that the overseers of Hillsborough had been improperly made parties to this certiorari. It was apparent from the facts as returned by the justice, that the overseers had never been applied to, that they had no agency and had taken no part in the matter. Indeed, the first notice they had, was from Justice Howell, that this certiorari had been issued. In point of fact then the overseers are not parties.

4. In point of law they cannot be. These proceedings are under the 33d section, *Rev. Laws* 48. The actors are the justice and constable. No application or notice is required to be made or given to the overseers of the poor; their peculiar duty

is to take care of the settled poor, and to see, that none claiming relief shall receive it, unless entitled by law. In all cases of removal of paupers the overseers of the poor are the actors; and there is an essential difference between an order of removal and a pass warrant. 1. From an order of removal there is an appeal to the Quarter sessions, and the overseers of the poor must have notice. *Rev. Laws* 46, *sec.* 26. From a vagrant pass there is no appeal. *Coxe Rep.* 75; 4 *Burn's Justice* 372. 2. In the case of an order of removal costs are given against the losing party. *Rev. Laws,* 46, 47, *sec.* 28. The act is silent as to costs in the case of a vagrant pass, *sec.* 33, *Rev. Laws* 48.

An order of removal unappealed from fixes the settlement of the pauper. Not so with a vagrant pass. *Coxe Rep.* 75; *Burn's Sett. cases* 205, *note* 72. This proceeding on the part of Upper Freehold is unnecessary. Suppose this court should reverse these proceedings, will they send this vagrant back to Hillsborough. 2. They have no such power. Why then make the overseers of Hillsborough parties to this certiorari. If they are parties and this writ is sustained, they may be liable to costs, and this court will not subject to costs, persons who have not become parties by their consent.

*Wall,* in reply said, that if the overseers of the poor of Hillsborough had been made parties to the writ improperly, this court would allow the writ to be amended in this particular.

FORD, J. A certiorari was directed to Andrew Howell, esq. to bring up a pass warrant, made by him as a justice of the peace of the county of Somerset, under the 33d section of the act for settlement of the poor, *Rev. Laws* 48. The return shews, that a constable of Hillsborough in that county, apprehended and brought before him a colored girl named Jenny, and complained that she had strolled from her place of legal settlement, and was begging from house to house in the township; whereupon the justice took her examination in writing, on oath, touching her vagrancy, and place of settlement, and found the complaint to be true, and adjudged her place of legal settlement to be in the township of Upper Freehold in the county of Monmouth; and made the order for passing her into that township, &c. The justice sends with the warrant the examination of the vagrant, and the deposition of Maria Cornell. A motion is

made on behalf of the overseers of the poor of Upper Freehold. to quash this warrant.

A pass warrant contains the opinion of a justice, touching the vagrant's place of legal settlement, founded on the examination of the *vagrant herself*, in the absence of all parties interested. To allow an opinion, resting on such superficial investigation, and made in a proceeding altogether *ex parte*, to be conclusive as to the place of legal settlement, or to be at all binding in that respect on a township, which had not the privilege of calling a witness, nor the power to obtain it by an appeal to the sessions, would be unauthorized by any clause in the act, and as repugnant to its provisions as to all the sound principles of justice. It is not an order for the overseers of Upper Freehold to provide for her *maintenance*. If they do not admit her settlement to be in their township, they may have her removed in due form to the proper place. The duty of ascertaining her place of legal settlement must be laid on *some* township, or by her continuing to stroll, the law will be defeated; and if her examination shews a *color* of settlement, in *any* township, the justice may assign the duty to it, rather than to one for which the examination gives *no* color. The reason why an appeal from the justice's warrant to the sessions is not given by any statute, is, because a settlement cannot be contested *under* it, either in the sessions or here. The question is, did the justice draw a fair conclusion *from the evidence before him ;* if he did, the warrant cannot be quashed on account of the feebleness of the proof, when no other proof was provided for by statute than the examination of the vagrant herself. Upon her examination there was no room to hesitate ; she was about fifteen years old and had lived the last ten years. (as far back as she could remember) in Upper Freehold in the family of David Hay. There was a probability she owed service to him and was to have support from him. This probability became evident by the deposition of Mrs. Cornell, representing that David Hay was under contract to keep her till the age of twenty-one, for her services ; and yet this Mr. Hay had carted her from Upper Freehold into Somerset, and set her down there in the highway, and left her to beg for subsistence. There was no evidence before him against any other township, and he could not send her to a private person by an order to a constable.

As this warrant carries into execution a matter of public police, the writ ought to be entitled, " *The State* v. *Andrew Howell*, according to 2 *South.* 838, and 6 *Halst.* 75; but it is amendable in this respect. The name or names of those prosecuting the certiorari ought to be endorsed upon it. The overseers of Hillsborough are not parties, nor can they be made such against their will.

I cannot say that there is any irregularity in the proceedings of the justice, or that he drew a *wrong* conclusion from the evidence before him. Therefore let the warrant be affirmed.

Cited in *Inhabitants of Reading* v. *Dilly*, 4 *Zab.* 211.